**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0253-24

TANYA D. BERRY,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

        Argued January 28, 2026 – Decided April 27, 2026

        Before Judges Gummer and Jacobs.

        On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx4908.

        Samuel M. Gaylord argued the matter for appellant (Szaferman Lakind Blumstein & Blader, attorneys; Samuel M. Gaylord, on the brief).

        Thomas R. Hower, Staff Attorney, argued the matter for respondent (Nels J. Lauritzen, Legal Affairs Deputy Director, attorney; Thomas R. Hower, on the brief).

PER CURIAM

Petitioner Tanya D. Berry appeals from a final administrative determination issued by respondent. Board of Trustees of the Police and Firemen's Retirement System (Board). The Board denied Berry's application for accidental disability retirement benefits pursuant to N.J.S.A. 43:16A-7, concluding the incident causing her disability was not "undesigned and unexpected" as required by law. We affirm.

I.

Berry worked as a senior correctional police officer at the Edna Mahan Correctional Facility for Women. On March 15, 2014, she was assigned "rover" duty, which included driving a van to escort inmates and deliver paperwork. According to Berry, "[t]hat assignment entailed 'a lot of in and out . . . of the vehicle.'" Berry had received training from the Department of Corrections (DOC) on how to operate the vans and secure inmates in the vehicle.

The van she used that day lacked a running board or "stepper," which she was unfamiliar with. Berry, who is 5'3", grabbed a handle inside the van and pulled herself up to enter the van. While doing so, she twisted her right knee, hearing a "pop." She completed her shift and worked a second shift, during

A-0253-24

which she experienced "shooting pain" in her knee and groin. She sought medical treatment and reported the injury to her supervisors.

Berry returned to work after the incident and underwent physical therapy. In January 2017, she had her first knee surgery and never returned to work. She underwent six more knee surgeries. The DOC initiated the pension process for her in August 2022. Berry submitted an application for involuntary accidental disability retirement.

On June 12, 2023, the Board denied Berry's application for accidental disability retirement benefits. Specifically, the Board found Berry was permanently and totally disabled while performing regular duties, and not from any willful negligence. However, the Board determined the event was not "undesigned and unexpected" and granted Berry ordinary disability retirement benefits.

Berry appealed, and the matter was referred to the Office of Administrative Law. A hearing was conducted in January 2024 before an Administrative Law Judge (ALJ). Berry testified; the Board presented no witnesses. The ALJ issued a decision in June 2024, affirming the Board's denial. The Board adopted the ALJ's decision in an August 14, 2024 final administrative determination, which Berry appeals.

A-0253-24

Berry argues the Board erred in finding the incident was not "undesigned and unexpected." She contends "[t]he combination of circumstances—[the] lack of a running board, the unusually high elevation of the van, . . . her physical stature," and the assignment to a vehicle she had not used before—"created an atypical, externally influenced situation that led directly to her injury."

II.

"Our review of administrative agency decisions is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). "We also recognize that state agencies possess expertise and knowledge in their particular fields." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). However, we are not bound by an agency's interpretation of law. Ibid.

N.J.S.A. 43:16A-7(a)(1) governs eligibility for accidental disability retirement:

A-0253-24

> Upon the written application by a member in service,
> . . . any member may be retired on an accidental
> disability retirement allowance, provided that the
> medical board, after a medical examination of such
> member, shall certify that the member is permanently
> and totally disabled as a direct result of a traumatic
> event occurring during and as a result of the
> performance of his regular or assigned duties and that
> such disability was not the result of the member's
> willful negligence and that such member is mentally or
> physically incapacitated for the performance of his
> usual duty and of any other available duty in the
> department which his employer is willing to assign to
> him. . . .

A claimant must prove permanent and total disability as a direct result of "a traumatic event [that] is essentially the same as what we historically understood an accident to be—an unexpected external happening that directly causes injury and is not the result of pre-existing disease alone or in combination with work effort." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 212 (2007). See also Moran v. Bd. of Trs., Police & Firemen's Ret. Sys., 438 N.J. Super. 346 (App. Div. 2014); Brooks v. Bd. of Trs., Dep't of Treasury, 425 N.J. Super. 277 (App. Div. 2012).

The ALJ found—and the Board agreed—Berry was injured while performing her regular duties. She was familiar with rover assignments and had previously entered and exited vans as part of her job. The injury occurred when she pulled herself into a van without a step or running board. The record shows

no evidence of a defect or malfunction in the van. The injury resulted from Berry's own physical exertion in entering the vehicle, not from an external force or extraordinary circumstance.

Richardson and subsequent cases clarify that ordinary work effort, even if strenuous, does not constitute a traumatic event unless accompanied by an unintended external event or an extraordinary consequence. 192 N.J. at 202. In Moran, the petitioner faced a unique emergency requiring untrained, extraordinary action. 438 N.J. Super. at 351. In Brooks, the injury resulted from students dropping their end of a heavy weight-lifting bench, an external force. 425 N.J. Super. at 283. Here, Berry's injury stemmed from her own exertion in entering the van, a routine job activity. The facts do not demonstrate an unintended external event or an extraordinary consequence unusual in common experience.

The Board's determination conforms with precedent and is supported by substantial credible evidence. Berry has not shown the Board's action was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0253-24